UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY MORRIS WHEELER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-295-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Anthony Morris Wheeler, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-20-6-327)) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of unauthorized possession of property in violation of Indiana Department of Correction Offense 215. Following a hearing, he was sanctioned with a loss of thirty days of earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Wheeler argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to support a finding of guilt. He notes that the confiscated bottle referenced in the conduct report was not presented at the hearing.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

> Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision."). The administrative record includes a conduct report in which a correctional officer represented he found a chemical bottle that was missing from the cellhouse in Wheeler's cell. ECF 1-1 at 3. Even without the confiscated bottle, the administrative record thus contains some evidence to support a finding Wheeler committed unauthorized possession of property. Therefore, the argument that the hearing officer lacked sufficient evidence to support a finding of guilt is not a basis for habeas relief.

Wheeler argues that he is entitled to habeas relief because correctional staff denied his request to present the confiscated bottle at the hearing. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The administrative record includes statements from correctional staff stating that the bottle was sent to the sanitation department and returned to the cleaning cart for the housing unit, so it appears that correctional staff had a reasonable basis for denying the request. ECF 1-1 at 1, 3. Further, it is unclear what Wheeler

believes the presentation of the confiscated bottle would have added to his defense or how it would have undermined the finding that Wheeler had it in possession. Therefore, this claim is not a basis for habeas relief.

Wheeler also argues that he is entitled to habeas relief because correctional staff did not advise him of his procedural rights, did not obtain his signature on the screening form, and did not precisely transcribe his oral statement at the hearing. Verbal notice of procedural rights, a signed screening form, and precise transcripts are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, these claims are not a basis for habeas relief.

Because Wheeler has not asserted a valid claim for habeas relief, the habeas petition is denied. If Wheeler wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Anthony Morris Wheeler leave to proceed in forma pauperis on appeal.

SO ORDERED on May 10, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT